**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DEU CHHETRI,                                  :

         **Plaintiff**                      :     **CIV. ACTION NO. 3:26-CV-1648**

       **v.**                                 :           **(JUDGE MANNION)**

JANE DOE #1, *et al.,*                        :

       **Defendants**                   :

**<u>MEMORANDUM</u>**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed, and this case will be closed.

I.    **BACKGROUND**

Plaintiff, Deu Chhetri, brings the instant case pursuant to 42 U.S.C. §1983, alleging that a nurse at Dauphin County Prison violated his civil rights by giving him an insulin shot. (Doc. 1). According to the complaint, Chhetri was in Dauphin County Prison sometime between December 12 and December 14, 2025,[1] when he informed Jane Doe, a nurse in the prison, that he was allergic to insulin. (*Id.* ¶8). Jane Doe allegedly told him that it was "mandatory" that he submit to an insulin shot or "receive a misconduct." (*Id.*

---

[1] The complaint does not provide a date, but the court assumes it refers to December 2025.

¶9). The complaint asserts that Chhetri agreed to receive the injection because he did not "want[] any trouble," and "immediately felt lightheaded, numbness through his limb, and severe swelling of the arm where the insulin was injected." (*Id.* ¶10). The complaint alleges that since the shot he "still has the mark on his arm where he was injected, and still experiences dizziness, numbness, and pain, as a result of the injection." (*Id.* ¶12). Chhetri seeks damages and declaratory relief, alleging that the insulin shot violated his civil rights. (*Id.* ¶17). He names the Jane Doe nurse and one Jane Doe grievance coordinator as defendants. The complaint alleges that the nurse violated his Eighth Amendment rights and that the grievance coordinator violated his First Amendment rights by failing to respond to his grievances against the nurse.

## II.   DISCUSSION

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall

2

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a

district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A.    Constitutional Claims

Plaintiff's constitutional claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does

4

not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

To state a claim for deliberate indifference, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A plaintiff's mere disagreement as to the proper medical treatment" is not sufficient to support a deliberate indifference claim. *Lanzaro*, 834 F.2d at 346.

The deliberate indifference standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medcal

problems of inmate patients," and courts must accordingly "'disavow any attempt to second-guess the propriety or adequacy of their particular course of treatment' so long as it 'remains a question of sound professional judgment.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 538 (3d Cir. 2017) (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). A claim that "a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* (quoting *Estelle*, 429 U.S. at 106). Thus, claims that a physician has "inadequately diagnosed and treated" a plaintiff's medical condition does not amount to a violation of the Eighth Amendment if the physician was exercising his professional judgment in his diagnosis and treatment. *Id.*

Chhetri's complaint plainly fails to state a deliberate indifference claim upon which relief may be granted. Assuming that giving an insulin shot to someone who is allergic to insulin could be considered deliberate indifference, the complaint fails to show that Chhetri's purported allergy constituted an excessive risk to his health or safety. The only effects he allegedly suffered as a result of the insulin shot were lightheadedness and numbness and swelling at the injection site. These effects are commonly experienced by people in response to any shots; experiencing them after the

6

insulin shot does not show that the shot placed Chhetri at serious risk of harm. Thus, because the complaint does not allege deliberate indifference to a serious medical need, Chhetri's Eighth Amendment claim will be dismissed.

Chhetri's First Amendment claim will also be dismissed. The claim is based on the Jane Doe grievance officer failing to respond to his grievances, but prisoners do not have a constitutional right to a grievance process. *See, e.g.*, *Gerholt v. Wetzel*, 858 F. App'x 32, 33-34 (3d Cir. 2021); *Rivera v. Pa. Dep't of Corrs.*, 346 F. App'x 749, 751 (3d Cir. 2009); *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005).

## B.   Leave to Amend

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. The court will deny leave to amend as futile. It is clear from the complaint that receiving an insulin shot did not place Chhetri in serious risk of harm, and there do not appear to be any additional factual allegations that could change that conclusion. Amendment of Chhetri's First Amendment claim would also be futile because the claim plainly fails as a matter of law.

7

## III.   CONCLUSION

For the foregoing reasons, the court will dismiss Chhetri's complaint with prejudice and close this case. An appropriate order shall issue.

Malachy E. Mannion
**United States District Judge**

**Dated:** 6/25/26

26-1648-01

8